1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYNARD VALLERY,                          No.  2: 20-cv-0767 KJN P

12                    Plaintiff,

13          v.                                   ORDER

14    B. BOTKIN, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

20    Rule 302.

21          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22    Accordingly, the request to proceed in forma pauperis is granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

2  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

3  U.S.C. § 1915(b)(2).

4      The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

26  are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

27  . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

28  (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

2

1    In reviewing a complaint under this standard, the court must accept as true the allegations of the

2    complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

3    Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

4    U.S. 183 (1984).

5         Named as defendants are Correctional Officer B. Botkin, Correctional Lieutenant R.

6    Speight, Associate Warden R. O'Brien, and Warden Neuschmid.  Plaintiff alleges that on June

7    11, 2019, defendant Botkin began harassing inmates by taking down clothing, i.e., socks, face

8    towels, etc.  An inmate said to defendant Botkin, "You are always fucking with people, leave

9    people alone."  Defendant Botkin turned around and said to plaintiff, "do somebody have

10   something to say?"  Plaintiff did not respond.

11        Approximately one week before June 11, 2019, defendant Botkin and plaintiff had a

12   "respectful confrontation" about defendant Botkin's harassment of plaintiff.  Plaintiff claims that

13   defendant Botkin had deprived plaintiff of his sleep by banging on his bunk and attempted to

14   manipulate other officers to harass inmates.  During this conversation, plaintiff told defendant

15   Botkin that he was going to write him up.  Defendant Botkin responded by stating, "I've been

16   written up many times.  There is nothing that's going to happen to me now.  Now I'm going to

17   write you up."

18        On June 14, 2019, plaintiff received a rules violation report authored by defendant Botkin.

19   The rules violation report stated that defendant Botkin saw a shirt hung across plaintiff's

20   bedframe.  On June 29, 2019, plaintiff filed a complaint against defendant Botkin alleging that the

21   rules violation report was fabricated and "reprisal."

22        On July 28, 2019, defendant Speight interviewed plaintiff.  Plaintiff gave defendant

23   Speight information regarding the logbook date and time, inmate names and locations, that

24   proved that defendant Botkin fabricated the rules violation report and that it was filed in

25   retaliation.  Defendant Speight told plaintiff that he would come to the building and conduct an

26   investigation.  Plaintiff alleges that this investigation did not occur.

27        On August 21, 2019, plaintiff received a "fabricated" First Level Response from

28   defendant O'Brien stating, "an investigation into the matter was conducted and all due process

1   and other procedural safeguards were met per CCR, section 3005(b)."  Plaintiff alleges that

2   defendant Neuschmid "conspired with defendant O'Brien by continuing the fabrication."

3       In claim one, plaintiff alleges that defendant Botkin filed the false June 14, 2019 rules

4   violation report in retaliation for plaintiff threatening to write up defendant Botkin.  These

5   allegations state a potentially colorable retaliation claim against defendant Botkin.

6       In claim two, plaintiff alleges that defendant Speight violated plaintiff's due process rights

7   by failing to conduct the investigation, as promised.  It is unclear whether plaintiff is alleging that

8   defendant Speight's investigation concerned plaintiff's complaint/grievance regarding the

9   allegedly false rules violation report or the disciplinary charges.

10      If plaintiff is claiming that defendant Speight failed to conduct an investigation regarding

11  the disciplinary charges, plaintiff has no constitutional right to an investigation of his disciplinary

12  charges.  See Pickett v. Williams, 498 Fed.Appx. 699, at *1 (9th Cir. 2012) (there is no

13  constitutional right to request an investigation of prison disciplinary charges) (citing Wolff v.

14  McDonnell, 418 U.S. 539, 564-70 (1974) (describing minimum procedural due process

15  protections in prison disciplinary proceedings.); see also Whitford v. Boglino, 63 F.3d 527, 532

16  (7th Cir. 1995) (inmates do not have any "federal due process right to a prehearing

17  investigation"); Brown v. Frey, 889 F.2d 159, 170–71 (8th Cir. 1989) (there is not a "clear

18  constitutional right to an 'adequate investigation'" in the context of prison disciplinary

19  proceedings).

20      If plaintiff is claiming that defendant Speight failed to investigate his complaint/grievance,

21  these allegations also fail to state a potentially colorable claim.  See Ramirez v. Galaza, 334 F.3d

22  850, 860 (9th Cir. 2003) (holding that claim based on processing of inmate appeals has no

23  constitutional foundation because inmates lack constitutional entitlement to specific grievance

24  procedure.)  Accordingly, the due process claim against defendant Speight is dismissed.

25      In claim three, plaintiff alleges that defendants Speight, O'Brien and Neuschmid knew of

26  defendant Botkin's misconduct, but failed to address the problem and allowed it to continue.

27      The only allegation against defendant O'Brien is that he denied plaintiff's grievance.  A

28  prison official's mere administrative review of a prisoner's appeal cannot serve as the basis of the

4

1    official's liability under § 1983.  See Bell v. Cal. Dep't of Corr. & Rehab., 2016 WL 8736865, at

2    *7 (S.D. Cal. Mar. 29, 2016); accord Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)

3    (dismissing § 1983 claims against several prison officials whose only alleged misconduct

4    involved the denial of the inmate's administrative grievances and holding that "the denial of

5    administrative grievances or the failure to act" cannot be the basis of liability under § 1983).

6    Accordingly, plaintiff's claim that defendant O'Brien violated plaintiff's right to due process by

7    denying his grievance fails to state a potentially colorable claim for relief.

8          Plaintiff's claim that defendant Speight violated plaintiff's right to due process by "failing

9    to address the problem" appears to be a restatement of plaintiff's claim that defendant Speight

10   failed to conduct an investigation.  For the reasons stated above, this claim is not potentially

11   colorable.

12         The only allegation against defendant Neuschmid is that he "conspired" with defendant

13   O'Brien by continuing the fabrication.  Plaintiff does not specifically allege what defendant

14   Neuschmid did, or did not do, that continued "the fabrication."  If plaintiff is alleging that

15   defendant Neuschmid denied plaintiff's grievance, this allegation fails to state a potentially

16   colorable claim for relief.  Because the undersigned cannot determine the grounds of plaintiff's

17   claim three against defendant Neuschmid, this claim is dismissed.

18         In claim three, plaintiff also alleges that defendants Speight, O'Brien and Neuschmid

19   allowed the problem to continue.  However, plaintiff does not describe the problem these

20   defendants allowed to continue nor how they permitted it to continue.  For these reasons, the

21   undersigned finds that these vague and conclusory allegations do not state a potentially colorable

22   claim for relief.

23         In claim four, plaintiff alleges that defendants Speight, O'Brien and Neuschmid violated

24   plaintiff's right to due process when they withheld evidence and fabricated a response.  Plaintiff

25   does not describe the allegedly withheld evidence.  Plaintiff also does not identify how and where

26   the evidence was withheld, although the undersigned presumes plaintiff is claiming that

27   exonerating evidence was "withheld" at the prison disciplinary hearing.  Because the allegations

28   in support of this claim are vague and conclusory, the undersigned cannot determine whether

1  plaintiff has stated a potentially colorable due process claim.  Accordingly, this claim is
2  dismissed.

3       If plaintiff files an amended complaint alleging that defendants withheld evidence and
4  fabricated a response in violation of his right to due process, plaintiff is informed that disciplinary
5  hearings must comport with the minimum requirements of due process and the decisions of a
6  prison disciplinary must be supported by "some evidence."  See Wolff v. McDonnell, 418 U.S.
7  539, 558-60 (1974); Superintendent v. Hill, 472 U.S. 445, 454–55 (1985).  Under Wolff's
8  procedural safeguards, due process requires that the prisoner receive: (1) written notice of the
9  charges against the prisoner; (2) a brief period of time to prepare for the hearing; (3) a written
10 statement by the fact finder regarding the facts relied upon and the reasons for the disciplinary
11 action; (4) an opportunity to call witnesses and present documentary evidence; and (5) an
12 opportunity to seek the aid of a fellow inmate or prison staff for complex matters.  418 U.S. at
13 563–70.

14      Plaintiff may proceed forthwith to serve defendant Botkin and pursue his retaliation claim
15 against only that defendant or he may delay serving any defendant and attempt to state a
16 cognizable claim against defendants Speight, O'Brien and Neuschmid.

17      If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the
18 remaining defendants, he has **sixty** days in which to do so.  He is not obligated to amend his
19 complaint.

20      If plaintiff elects to proceed forthwith against defendant Botkin, against whom he has
21 stated a potentially cognizable claim for relief, he shall return the attached notice within **thirty**
22 days.  Following receipt of that notice, the court will order service of defendant Botkin.

23      Plaintiff is advised that in an amended complaint he must clearly identify each defendant
24 and the action that defendant took that violated his constitutional rights.  The court is not required
25 to review exhibits to determine what plaintiff's charging allegations are as to each named
26 defendant.  The charging allegations must be set forth in the amended complaint so defendants
27 have fair notice of the claims plaintiff is presenting.

28      Any amended complaint must show the federal court has jurisdiction, the action is brought

in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

of a constitutional right if he does an act, participates in another's act or omits to perform an act

he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the

victim of a conspiracy, he must identify the participants and allege their agreement to deprive him

of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8.  Plaintiff must

not include any preambles, introductions, argument, speeches, explanations, stories, griping,

vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

(reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

many defendants with unexplained, tenuous or implausible connection to the alleged

constitutional injury, or joining a series of unrelated claims against many defendants, very likely

1    will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

2    action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

3         A district court must construe a pro se pleading "liberally" to determine if it states a claim

4    and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

5    opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

6    not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7    conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

8    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

9    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

10   U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

11              A claim has facial plausibility when the plaintiff pleads factual
               content that allows the court to draw the reasonable inference that the
12             defendant is liable for the misconduct alleged. The plausibility
               standard is not akin to a "probability requirement," but it asks for
13             more than a sheer possibility that a defendant has acted unlawfully.
               Where a complaint pleads facts that are merely consistent with a
14             defendant's liability, it stops short of the line between possibility and
               plausibility of entitlement to relief.
15

16   Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

17   can provide the framework of a complaint, they must be supported by factual allegations, and are

18   not entitled to the assumption of truth.  Id. at 1950.

19        An amended complaint must be complete in itself without reference to any prior pleading.

20   Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

21   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

22   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

23   pleading is superseded.

24        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

25   has evidentiary support for his allegations, and for violation of this rule the court may impose

26   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

27        A prisoner may bring no § 1983 action until he has exhausted such administrative

28   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

1  <u>Churner</u>, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental

2  policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]

3  welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC

4  form 602 that asks simply that the prisoner "describe the problem" and "action requested."

5  Therefore, this court ordinarily will review only claims against prison officials within the scope of

6  the problem reported in a CDC form 602 or an interview or claims that were or should have been

7  uncovered in the review promised by the department.

8          Accordingly, IT IS HEREBY ORDERED that:

9          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

10          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13  Director of the California Department of Corrections and Rehabilitation filed concurrently

14  herewith.

15          3.  Claims against defendants Speight, O'Brien and Neuschmid are dismissed with leave

16  to amend.  Within **sixty** days of service of this order, plaintiff may amend his complaint to

17  attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his

18  complaint.

19          4.  The allegations in the pleading are sufficient to state a potentially cognizable claim

20  against defendant Botkin.  <u>See</u> 28 U.S.C. § 1915A.  If plaintiff opts to proceed on his original

21  complaint as to defendant Botkin, he shall return the attached notice within **thirty** days of service

22  of this order.

23          5.  Failure to comply with this order will result in a recommendation that this action be

24  dismissed.

25  Dated:  April 22, 2020

26

27                                          _____
                                          KENDALL J. NEWMAN

28                                          UNITED STATES MAGISTRATE JUDGE

    Vall747.14(2)

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYNARD VALLERY,                           No.  2: 20-cv-767 KJN P

12              Plaintiff,

13        v.                                      NOTICE

14    B. BOTKIN, et al.,

15              Defendants.

16

17        Plaintiff opts to proceed with the original complaint as to defendant Botkin.
          Plaintiff consents to the dismissal of defendants Speight, O'Brien and Neuschmid
18        without prejudice. _____

19        OR

20        _____ Plaintiff opts to file an amended complaint and delay service of process.

21    DATED:

22                                          _____
                                            Plaintiff
23

24

25

26

27

28