UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD VALLERY,<br><br>   Plaintiff,<br><br>   v.<br><br>B. BOTKIN, et al.,<br><br>   Defendants. | No.  2: 20-cv-0767 KJN P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint.  (ECF No. 11.)  Plaintiff alleges five claims.  For the reasons stated herein, the undersigned recommends dismissal of claims two and five.  The undersigned separately orders service of claims one, three and four.

Named as defendants are Correctional Officer Botkin, Correctional Lieutenant Speight, Associate Warden O'Brien and Warden Neuschmid.  Plaintiff alleges that in early June 2019, he told defendant Botkin that he was going to write him up for harassing him.  Defendant Botkin responded, "I've been written up many times; there is nothing that's going to happen to me; now I'm going to write you up."  Plaintiff alleges that on June 14, 2019, defendant Botkin filed a false rules violation report against plaintiff in retaliation for plaintiff telling defendant Botkin that he would write him up.

1

1        Plaintiff alleges that on June 29, 2019, he wrote a complaint against defendant Botkin
2   based on the allegedly retaliatory rules violation report.  On July 28, 2019, defendant Speight
3   interviewed plaintiff regarding the complaint.  During this interview, plaintiff gave defendant
4   Speight specific information to prove that the rules violation report was fabricated out of
5   retaliation.  Defendant Speight told plaintiff that he would come to plaintiff's building and
6   conduct an investigation, but he never did.
7        Plaintiff alleges that on August 21, 2019, defendant O'Brien responded to his complaint.
8   In the response, defendant O'Brien (falsely) stated that an investigation into the matter was
9   conducted and all due process and other procedural safeguards were met.
10       Plaintiff alleges that defendant Neuschmid conspired with defendant O'Brien by
11  "continuing the fabrication."
12       In claim one, plaintiff alleges that defendant Botkin filed the false disciplinary report in
13  retaliation for plaintiff threatening to write him up.  Plaintiff has stated a potentially colorable
14  retaliation claim against defendant Botkin.  Accordingly, the undersigned separately orders
15  service of defendant Botkin.
16       In claim two, plaintiff alleges that defendant Speight violated plaintiff's due process rights
17  by failing to investigate plaintiff's claims of misconduct against defendant Botkin.  It is not
18  entirely clear whether plaintiff requested the investigation as part of his administrative grievance
19  or disciplinary proceedings.  However, as stated in the April 22, 2020 order screening the original
20  complaint, plaintiff has no constitutional right to an investigation of disciplinary charges.  See
21  Pickett v. Williams, 498 Fed.Appx. 699, at *1 (9th Cir. 2012) (there is no constitutional right to
22  request an investigation of prison disciplinary charges) (citing Wolff v. McDonnell, 418 U.S. 539,
23  564-70 (1974) (describing minimum procedural due process protections in prison disciplinary
24  hearings); see also Whitford v. Boglino, 63 F.3d 527, 532 (7th Cir. 1995) (inmates do not have
25  any "federal due process right to a prehearing investigation"); Brown v. Frey, 889 F.2d 159, 170-
26  71 (8th Cir. 1989) (there is not a "clear constitutional right to an 'adequate investigation'" in the
27  context of prison disciplinary proceedings).
28       Plaintiff also does not have a constitutional right to an investigation in the context of

administrative grievance proceedings.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that claim based on processing of inmate appeals has no constitutional foundation because inmates lack constitutional entitlement to specific grievance procedure).  For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable due process claim against defendant Speight and herein recommends dismissal of this claim.

In claims three, four and five, plaintiff alleges that defendants Speight, O'Brien and Neuschmid violated plaintiff's First Amendment rights because they had actual knowledge of defendant Botkin's misconduct through the years of numerous complaints of harassment, retaliation and falsifying documents.  Plaintiff alleges that defendants Speight, O'Brien and Neuschmid failed to address the problem, allowing it to continue.

The undersigned construes claims three and four to allege that defendants Speight and O'Brien conspired to cover-up defendant Botkin's alleged retaliation by failing to investigate plaintiff's evidence demonstrating that the rules violation report charges were false and by falsely stating that an investigation had been conducted.  These allegations state a potentially colorable claim against defendants Speight and O'Brien.  Accordingly, the undersigned separately orders service of defendants Speight and O'Brien as to these claims.

In claim five, plaintiff alleges that defendant Neuschmid had knowledge of defendant Botkin's misconduct and allowed it to continue.  However, plaintiff pleads no facts demonstrating defendant Neuschmid's involvement in the alleged deprivations.  While plaintiff alleges that defendant Neuschmid conspired with defendant O'Brien "by continuing the fabrication," he alleges no facts in support of this claim.  In other words, plaintiff does not allege how defendant Neuschmid continued the alleged fabrication.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3

Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The undersigned recommends that claim five against defendant Neuschmid be dismissed because plaintiff has not plead sufficient facts linking defendant Neuschmid to the alleged deprivations.

Accordingly, IT IS HEREBY ORERED that the Clerk of Court shall assign a district judge to this case.

IT IS HEREBY RECOMMENDED that claims two and five in the first amended complaint (ECF No. 11) be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Vall767.56