1
2
3
4
5
6
7                             UNITED STATES DISTRICT COURT
8                         FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10   RAYNARD VALLERY,                           No.  2: 20-cv-0767 TLN KJN P
11                  Plaintiff,
12        v.                                    FINDINGS AND RECOMMENDATIONS
13   B. BOTKIN, et al.,
14                  Defendants.
15

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 26.)

    For the reasons stated herein, the undersigned recommends that defendants' motion be granted.

Legal Standard for 12(b)(6) Motion

    A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003);

Plaintiff's Claims

This action proceeds on plaintiff's amended complaint filed May 26, 2020 as to claims one, three and four against defendants Correctional Officer Botkin, Correctional Lieutenant Speight and Associate Warden O'Brien. (See ECF Nos. 11, 14.) In claim one, plaintiff alleges that defendant Botkin retaliated against plaintiff by filing false disciplinary charges against

2

plaintiff.  (ECF No. 14.)  In claims three and four, plaintiff alleges that defendants Speight and O'Brien conspired to cover-up the allegedly false, retaliatory disciplinary charges by failing to investigate plaintiff's complaint regarding the charges and falsely stating that an investigation had been conducted.  (Id.)

In particular, plaintiff alleges that in early June 2019, he told defendant Botkin that he (plaintiff) was going to write up defendant Botkin for harassing him.  Defendant Botkin responded, "I've been written up many times; there is nothing that's going to happen to me; now I'm going to write you up."  Plaintiff alleges that on June 14, 2019, defendant Botkin filed a false rules violation report against plaintiff in retaliation for plaintiff telling defendant Botkin that he would write him up.

Plaintiff alleges that on June 29, 2019, he wrote a complaint against defendant Botkin based on the allegedly retaliatory rules violation report.  On July 28, 2019, defendant Speight interviewed plaintiff regarding the complaint.  During this interview, plaintiff gave defendant Speight specific information proving that the rules violation report was fabricated out of retaliation.  Defendant Speight told plaintiff that he would come to plaintiff's building and conduct an investigation, but he never did.

Plaintiff alleges that on August 1, 2019, defendant O'Brien responded to his complaint.  In this response, defendant O'Brien (falsely) stated that an investigation into the matter was conducted and all due process and other procedural safeguards were met.

Discussion

*Did Plaintiff Suffer an Adverse Action?*

Defendants move to dismiss plaintiff's retaliation claim on the grounds that plaintiff suffered no adverse action.

To state a First Amendment retaliation claim, a prisoner must allege facts showing that (1) a state actor took some adverse action against him (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.

2005)).

Defendants argue that defendant Botkin did not issue plaintiff a rules violation report, as alleged in the amended complaint. Defendants argue that instead, defendant Botkin issued plaintiff a Counseling Only Rules Violation Report. Defendants state that Counseling Only Rules Violation Reports used to be called Custodial Counseling Chronos, aka CDC-128B Chronos. Defendants argue that Counseling Only Rules Violation Reports and Custodial Counseling Chronos have the same purpose, i.e., to document minor misconduct. Defendants cite cases finding that Custodial Counseling Chronos do not constitute adverse actions in retaliation claims. Defendants argue that these cases are equally applicable to retaliation claims alleging Counseling Only Rules Violation Reports as the adverse action. The undersigned discusses these arguments herein.

Defendants request that the court take judicial notice of the June 14, 2019 Counseling Only Rules Violation Report issued to plaintiff by defendant Botkin, attached to the motion to dismiss. (ECF No. 26-2.) The undersigned takes judicial notice of this document as it is referenced in plaintiff's amended complaint. See Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010) (courts may examine documents incorporated into the complaint by reference when considering a 12(b)(6) motion); see also Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327, at 762–63 (2d ed. 1990)) ("[W]hen [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading."), overruled on other grounds by Galbraith v. Cty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

The June 14, 2019 document submitted by defendants is titled "Rules Violation Report." (ECF No. 26-2 at 5.) However, the document states that it is classified as "counselling only." (Id.) The document also states, "This counseling chrono is to ensure that VALLERY understand that this is a violation of policy, and any further violations of this policy will result in further discipline." (Id.)

////

The document also states that on June 14, 2019, defendant Botkin observed that the bunk assigned to plaintiff had a shirt hung across the bed frame. (Id.)

> Per Facility C Policy and the Memorandum dated March 20, 2018 signed by the Associate Warden, Chief Deputy Warden, and the Warden, it specifically states "Privacy Curtains are not permitted," and the Memorandum states "Any staff member discovering a privacy curtain shall remove the curtain and progressive disciplinary procedures will follow." This Counseling is a direct order to remove these, (or any future), items that are being used as privacy curtains.

(Id.)

Prior to December 22, 2016, Section 3312 of the California Code of Regulations described Disciplinary Methods as follows:

> (a) Inmate misconduct shall be handled by:
>
> (1) Verbal Counseling. Staff may respond to minor misconduct by verbal counseling. When verbal counseling achieves corrective action, a written report of the misconduct or counseling is unnecessary.
>
> (2) Custodial Counseling Chrono. When similar minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a Custodial Counseling Chrono. This Chrono is meant for documenting an event or misconduct on the part of the inmate; the Chrono is auto populated with the inmate's name number and date. A copy of the completed Chrono shall be provided to the inmate. Disposition of any contraband involved shall also be documented in the Custodial Counseling Chrono.
>
> (3) Rules Violation Report. When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a Rules Violation Report (RVR). The inmate's name, CDC number, release date, and current institution of housing and cell number will be auto populated.

After December 22, 2016, section 3312 was amended, in relevant part, as follows:

> (a) Inmate misconduct shall be handled by:
>
> (1) Verbal Counseling. Staff may respond to minor misconduct by verbal counseling. When verbal counseling achieves corrective action, a written report of the misconduct or counseling is unnecessary.
>
> (2) Counseling Only Rules Violation Report. When similar minor misconduct reoccurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a Counseling Only

> Rules Violation Report. This Counseling Only Rules Violation Report is meant for documenting an event or misconduct on the part of the inmate; the Chrono is auto populated with the inmate's name number and date. A copy of the completed Counseling Only Rules Violation Report shall be provided to the inmate. Disposition of any contraband involved shall also be documented in the Counseling Only Rules Violation Report.
>
> (3) Rules Violation Report. When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a Rules Violation Report (RVR). The RVR is a computer generated standard form with information inputted by staff. The RVR will be digitally signed by the reporting employee. The RVR shall contain, at a minimum, the following elements: The charged inmates name, number, release date, facility, housing assignment, violation date, violation time, (Violation date and time means discovery date and time) whether or not the misconduct was related to Security Threat Group activity, circumstances surrounding the misconduct, the reporting employee's; name, and title, RVR log number, the violated CCR, Title 15 rule number, specific act, level, division, whether or not the charge will be referred for prosecution, reviewing supervisors name and title, and the classifying official's name and title. The RVR shall include; a section for the inmate to indicate whether or not they wish to postpone the RVR process if felony prosecution is likely, a section to indicate if they wish to request or waive an assignment of a Staff Assistant or Investigative Employee. A summary of disciplinary procedures and inmate rights is also provided to the inmate explaining the administrative hearing time frames, the roles of both the staff assistant and the investigative employee, and the referral for prosecution is explained. The inmate's appeal rights are also explained.

After reviewing the two sections § 3312(a)(2) set forth above, the undersigned agrees with defendants that Counseling Only Rules Violation Reports serve the same purpose as Custodial Counseling Chronos.  The purpose of both of these documents, as described in the regulations above, is to document minor misconduct.  It appears that Custodial Counseling Chronos were renamed as Counseling Only Rules Violation Reports when § 3312 was amended in 2016.

In the motion to dismiss, defendants observe that California courts have consistently found that an allegedly false Rules Violation Report, issued pursuant to § 3312(a)(3), can rise to the level of an adverse action for a retaliation claim.  See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report).  Defendants argue that California courts have also found that the filing of an allegedly false Custodial Counseling Chrono, issued pursuant to § 3312(a)(2), does not constitute adverse action for a retaliation claim.

In <u>Heilman v. Furster</u>, 2018 WL 2588900 (C.D. Cal. May 1, 2018), the district court explained its reasoning in support of its finding that false Custodial Counseling Chronos are not adverse actions:

> Defendants contend that the Villa and Furster Chronos cannot be considered "adverse actions"; nor would they chill a person of ordinary firmness. (Mot. at 21–23.) This argument is also well-taken. As defendants assert, a CDCR 128–A counseling chrono is issued when "minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed." Cal. Code Regs. tit. 15, § 3312(a)(2); <u>In re Perez</u>, 7 Cal. App. 5th 65, 75 (2016), as modified on denial of reh'g (Jan. 4, 2017). A CDCR 128-B general chrono is used to document information about inmate behavior. Cal. Code Regs. tit. 15, § 3000; <u>In re Cabrera</u>, 216 Cal. App. 4th 1522, 1526 n.4 (2013). The regulations do not require that any action be taken as a result of a counseling or informational chrono. <u>See</u> Cal. Code Regs. tit. 15, §§ 3000, 3312. Nor do the Villa and Furster Chronos, in particular, require that any actions be taken against plaintiff, although they do express concern about plaintiff's future conduct. By contrast, an RVR results in disciplinary proceedings being instituted against the inmate. See id., § 3312(a)(3) (setting forth procedure for instituting disciplinary proceedings via RVR).
>
> Plaintiff does allege that the Chronos will have a negative impact on future parole considerations. But as discussed above, multiple factors determine whether a prisoner is granted or denied parole. While chronos may be part of the record reviewed in a parole determination, see Cal. Code Regs. tit. 15, § 2281(b), nothing in the regulations suggests that they are given any particular weight. [Footnote omitted.]
>
> And here, plaintiff's allegations regarding his parole chances are conclusory. His new allegation, made in his Opposition, that he was instructed to remain chrono-free does not plausibly suggest that parole denial is certain. This lack of concrete harm—whether threatened or immediate—undermines the allegation that the Chronos were adverse actions with a chilling effect on plaintiff. <u>See</u> discussion, infra.
>
> More to the point, numerous district courts within the Ninth Circuit have concluded that informational and counseling chronos do not constitute adverse actions. <u>See</u>, <u>e.g.</u>, <u>Samano v. Copeland</u>, 2008 WL 2168884, at *2 (E.D. Cal. May 23, 2008) (dismissing retaliation claim on ground that counseling chrono did not constitute adverse action), report and recommendation adopted, 2008 WL 2858217 (E.D. Cal. July 24, 2008); <u>Williams v. Woddford</u>, 2009 WL 3823916, at *3 (E.D. Cal. Nov. 13, 2009) (dismissing retaliation claim on ground that alleged filing of the false informational chrono was not adverse action); <u>Jenkins v. Caplan</u>, 2010 WL 3742659, at *2 (N.D. Cal. Sept. 16, 2010) (granting summary judgment for defendant where plaintiff failed to present evidence that chrono constituted adverse action); <u>see also</u> <u>Garcia v. Blahnik</u>, 2017 WL 1161225, at *4 (S.D. Cal. Mar. 29, 2017) (granting summary judgment on retaliation

> claim on ground that general chronos did not threaten plaintiff and thus did not constitute adverse action); Martin v. Desha, 2017 WL 1354140, at *2 (E.D. Cal. Apr. 13, 2017) (dismissing retaliation claim on ground that informational chrono did not constitute adverse action, even though plaintiff alleged that it might be used to deny parole; reasoning that multiple factors play into parole decision).

2018 WL 2588900, at *10-11.

The undersigned agrees with defendants that the June 14, 2019 Counseling Only Rules Violation Report issued to plaintiff by defendant Botkin is not an adverse action for plaintiff's retaliation claim. The reasoning of the district courts finding Custodial Counseling Chronos not to be adverse actions is equally applicable to plaintiff's claim alleging that the Counseling Only Rules Violation Report constitutes an adverse action. In the instant case, the Counseling Only Rules Violation Report issued to plaintiff was informational only with no disciplinary effect. Based on these circumstances, it is not likely that issuance of a Counseling Only Rules Violation report would chill First Amendment activities.

Defendants also observe that in the amended complaint, plaintiff makes no allegation that the Counseling Only Rules Violation Report would negatively impact his parole consideration. Defendants argue that the Counseling Only Rules Violation Report could not impact plaintiff's parole consideration because plaintiff is serving two consecutive sentences of life without the possibility of parole. In support of this argument, defendants request that the court take judicial notice of the judgment in plaintiff's criminal case, reflecting that on October 4, 1989, plaintiff was sentenced to two consecutive sentences of life without the possibility of parole by the Superior Court of Los Angeles. (ECF No. 26-2 at 8.) The undersigned takes judicial of this judgment. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of public record); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

Because plaintiff is serving two consecutive sentences of life without the possibility of parole, the undersigned finds that Counseling Only Rules Violation could have no impact on plaintiff's parole consideration.

////

As observed by defendants in the motion to dismiss, it does not appear that any court in the United States District Court for the Eastern District of California has addressed the issue of whether a Counseling Only Rules Violation Report amounts to an adverse action for purposes of a retaliation claim. Defendants identify one case to address this issue, Reed v. Paramo, 2019 WL 398339 (S.D. Cal. Jan. 31, 2019). The undersigned is aware of no other case addressing this issue.

In Reed v. Paramo, supra, the District Court found that a Counseling Only Rules Violation Report could constitute an adverse action for a retaliation claim. For the reasons stated herein, the undersigned respectfully disagrees with this finding by the District Court in Reed v. Paramo.

In Reed, the plaintiff alleged, in relevant part, that on January 12, 2018, defendant Zendejas prepared a false Rules Violation Report accusing plaintiff of disobeying an order to show an identification card. Id. at 2. Plaintiff alleged that the Rules Violation Report was issued in retaliation by defendant Zendejas for written complaints plaintiff made about her to her superiors. Id.

In Reed, defendants moved to dismiss the retaliation claim against defendant Zendejas on the grounds that courts have consistently held that counseling chronos are not adverse actions for purpose of retaliation. Id. at 8. The district court rejected this argument for the following reasons.

> The Court is not persuaded by Defendants' cited cases because they refer to "administrative chronos" or "128-B chromos," not RVRs that are classified at the "counseling only" level. See Jenkins v. Caplan, 2010 WL 3742659, at *2 (N.D. Cal. Sept. 16, 2010) ("Thus, there is no genuine issue of material fact that Caplan's CDC 128-B was not an adverse action against plaintiff sufficient to establish the first element of retaliation."). In one of Defendants' cited cases, the court expressly differentiated between "administrative chronos" and RVRs: "Defendant's contention that a false RVR fails to state a claim is not accurate." Williams v. Woodford, No. 1:06-CV-01535-DLB PC, 2009 WL 3823916, at *3 (E.D. Cal. Nov. 13, 2009) (citing Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (finding that prison officer filing false disciplinary action against inmate in retaliation for inmate's use of grievance system is sufficient adverse action for retaliation claim) ). Here, Plaintiff alleges that Defendant Zendejas fabricated the January 12, 2018 RVR, which he attached to the FAC; it is clearly titled "Rules Violation Report." FAC at 54.

Id.

The undersigned has reviewed the docket in Reed and determined that on January 12, 2018, defendant Zendejas issued a Counseling Only Rules Violation Report, rather than a Rules Violation Report. See Reed v. Paramo, 3: 18-cv-361 JLS DEB (ECF No. 3 at 54.) As observed by defendants in the pending motion to dismiss, the court in Reed failed to consider that a Counseling Only Rules Violation Report is the same as a Counseling Chrono, and actually replaced it.[1] For these reasons, the undersigned respectfully disagrees with the district court's finding in Reed that the Counseling Only Rules Violation Report is an adverse action for a retaliation claim.

For the reasons discussed above, the undersigned recommends that defendants' motion to dismiss the retaliation claim against defendant Botkin be granted on the grounds that plaintiff suffered no adverse action.

*Remaining Claims Against Defendants Speight and O'Brien*

As discussed above, in claims three and four, plaintiff alleges that defendants Speight and O'Brien conspired to cover-up the allegedly false, retaliatory disciplinary charges by failing to investigate plaintiff's complaint regarding the charges and falsely stating that an investigation had been conducted.

Defendants move to dismiss the claims against defendants Speight and O'Brien because they are based on the alleged retaliation by defendant Botkin. Defendants argue that because plaintiff has not stated a potentially colorable retaliation claim against defendant Botkin,

---

[1] The district court in Reed cited Williams v. Woddford and Hines v. Gomez in support of its finding that the at-issue Counseling Only Rules Violation Report constituted an adverse action. In Hines, the inmate alleged that he was falsely charged with a rules violation. 108 F.3d at 267. The Ninth Circuit found that the inmate's punishment for the allegedly false rules violation report, i.e., ten day confinement and television loss, constituted a sufficient adverse action. Id. at 269. In Williams v. Woddford, the plaintiff alleged that the defendant retaliated against him by filing a false rules violation report against him *and* by issuing plaintiff a 128A chrono for possessing alcohol and making threats. 2009 WL 3823916, at *1. The district court found that the filing of a false rules violation report states a potentially colorable retaliation claim, citing Hines v. Gomez, supra. Id. at 3. The district court found that "the alleged filing of the false administrative chrono fails to state a claim because it is not a sufficient adverse action for a retaliation claim because the chrono was merely informational." Id. Thus, Hines v. Gomez and Williams v. Woddford did not hold that a Counseling Only Rules Violation Report is an adverse action for a retaliation claim. Moreover, Counseling Only Rules Violation Reports did not exist at the time these cases were decided.

plaintiff's claims against defendants Speight and O'Brien for allegedly covering up the retaliation must be dismissed. The undersigned agrees. Accordingly, defendants' motion to dismiss the claims against defendants Speight and O'Brien should be granted.

*Qualified Immunity*

Defendants move to dismiss plaintiff's claims on the grounds that they are entitled to qualified immunity.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Taylor v. Barkes, 575 U.S. 822, ---, 135 S.Ct. 2042, 2044 (June 1, 2015), quoting Reichle v. Howards, 566 U. S. 658, 132 U.S. 2088, 2093 (2012). Qualified immunity analysis requires two prongs of inquiry. First, did the officer's conduct violate a constitutional right? Scott v. Harris, 550 U.S. 372, 377 (2007). Second, was the constitutional right clearly established? Id. For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Defendants argue that they are entitled to qualified immunity because no Ninth Circuit decision has recognized an inmate's constitutional right to a truthful Counseling Only Rules Violation Report. Defendant argue that, at best, the Ninth Circuit found in Hines, supra, that a false Rules Violation Report, issued pursuant to § 3312(a)(3), which actually resulted in disciplinary punishment to the inmate, amounted to an adverse action for purposes of a retaliation claim. Defendants argue that the rule established in Hines does not clearly apply to the alleged conduct by defendants related to the Counseling Only Rules Violation Report issued in the instant action. On these grounds, defendants argue that they are entitled to qualified immunity.

The undersigned agrees there is no clearly established law recognizing an inmate's right to a truthful Counseling Only Rules Violation Report. This finding is bolstered by the multiple unpublished district court cases, as cited in Heilman v. Furster, supra, finding that allegedly false Custodial Counseling Chronos do not amount to adverse actions for purposes of a First Amendment retaliation claim. While the district court in Reed found otherwise, this unpublished

11

case is inadequate to clearly establish a First Amendment right to a truthful Counseling Only Rules Violation Report. See Hines v. Youseff, 914 F.3d 1219, 1230 (9th Cir. 2019) ("We have previously said that unpublished district court decisions 'may inform our qualified immunity analysis.' [Footnote omitted.] But we have also noted that 'it will be a rare instance in which, absent any published opinions on point or overwhelming obviousness of illegality, we can conclude that the law was clearly established on the basis of unpublished decisions only.' [Footnote omitted.].")

For the reasons discussed above, the undersigned finds that there is no clearly established First Amendment right to a truthful, Counseling Only Rules Violation Report. For this reason, defendants' motion to dismiss on the grounds that they are entitled to qualified immunity should be granted.

*Plaintiff's Opposition*

In his opposition, plaintiff argues that defendant Botkin has a "pattern and reputation for retaliation, threatening, and filing false reports on inmates that file complaints against him." (ECF No. 29 at 7.) Plaintiff argues that discovery will expose more of defendant Botkin's misconduct. (Id.) In support of this argument, plaintiff requests that the court take judicial notice of two cases, attached to plaintiff's separately filed request for judicial notice. (ECF No. 30.) The undersigned discusses there cases herein.

In Allen v. Botkin, 2:17-cv-1584 WBS DB P, plaintiff alleged, in relevant part that in 2016, defendant Botkin wrote a false Rules Violation Report that resulted in a guilty finding. (Id. at 5.) Plaintiff alleged that defendant Botkin wrote the allegedly false Rules Violation Report in retaliation for plaintiff's previous submission of a grievance about defendant Botkin. (Id.) Plaintiff also alleged that his due process rights were violated at the Rules Violation Report hearing. (Id. at 6.) The order plaintiff attaches to his request for judicial notice screens plaintiff's complaint. (Id.)

In Gleason v. Botkin, 2:19-cv-1868 TLN DB P, plaintiff alleged that in January 2019, he told defendant Botkin that Botkin was keeping him up all night by slapping his keys against his can of mace, stomping through the dorms, and banging on plaintiff's bed every time he did a

prisoner count. (Id. at 10.) When defendant Botkin responded that he did not care, plaintiff told defendant Botkin that he intended to file a 602 appeal complaining of defendant Botkin's conduct. (Id.) Defendant Botkin told plaintiff that if he submitted a 602, defendant Botkin would make up a rules violation against him. (Id.) Plaintiff alleges that defendant Botkin then did so—falsifying a counseling chrono that stated plaintiff failed to provide identified when Botkin asked for it. (Id.) Plaintiff alleges that this act was retaliatory. (Id.) The order plaintiff attaches to his request for judicial notice screens plaintiff's complaint. (Id.)

The undersigned observes that the court dismissed plaintiff's retaliation claim in Allen v. Botkin, 2:17-cv-1584 WBS DB P for failure to exhaust administrative remedies. See 2:17-cv-1584 (ECF No. 34.) On June 8, 2020, Gleason v. Botkin, 2:19-cv-1868 TLN DB P was voluntarily dismissed pursuant to a settlement. See 2:19-cv-1868 TLN DB P (ECF Nos. 25, 27.)

As observed by defendants in the reply, the unproven allegations in Allen v. Botkin and Gleason v. Botkin are inadmissible to prove that defendant Botkin issued a false Counseling Only Rules Violation Report against plaintiff in retaliation for plaintiff's threat to file a grievance against defendant Botkin. See Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.")

Moreover, the allegations in Allen v. Botkin and Gleason v. Botkin do not change the findings that the Counseling Only Rules Violation Report defendant Botkin issued against plaintiff does not constitute an adverse action and that defendants are entitled to qualified immunity.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 26) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 18, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Vall767.mtd